## UNITED STATES PLYWOOD CORPORATION v. ZEESMAN PLYWOOD CORPORATION et al.

### Civil Action No. 8086.

United States District Court
S. D. California,
Central Division.

April 13, 1949.

James M. Heilman, New York City, Harris, Kiech, Foster & Harris and Ward D. Foster, Los Angeles, Cal., for plaintiff.

Lyon & Lyon, Reginald E. Caughey and Desser, Rau, Christensen & Hoffman, Los Angeles, Cal., for defendants Zeesman Plywood Corporation, Norman Zeesman & Co., Norman Zeesman, and Norman N. Nussbaum.

J. Calvin Brown, Los Angeles, Cal., for defendants Robert A. Vener and American Plywood Co.

Sam Reisman, Los Angeles, Cal., for defendant United Manufacturing Co.

HALL, District Judge.

Plaintiff having filed its First Amended Complaint for Patent Infringement, Trademark Infringement, and Unfair Competition, alleging as one count a cause of action for infringement of its United States Letters Patent No. 2,286,068, issued June 9, 1942, for Plywood Panel, on the application of Donald Deskey, by acts of all of the defendants, and each of them; alleging in another count a cause of action for infringement of its trade-mark "Weldtex" by acts of defendants Zeesman Plywood Corporation, Norman Zeesman & Company, Norman Zeesman, individually, and Norman N. Nussbaum, individually, and each of them; and alleging as another count unlawful acts of unfair competition by all of the Defendants, and each of them, in appropriating the market and demand for, and recognition of the merit, utility, and dependability of, its grooved plywood by the public, created by plaintiff by the expenditure of money, time, and effort;

Defendants, and each of them, having by their Answers denied the wrongful acts alleged to have been performed by them respectively and the rights of plaintiff alleged to have been violated by such alleged acts of defendants;

Plaintiff having filed its Motion for a Preliminary Injunction and Memorandum of Points and Authorities and thirty-two (32) affidavits, and the depositions of Edward A. Smith, David Smith, Max Vener, and defendants Norman Zeesman and Robert A. Vener in support thereof;

Plaintiff having properly noticed said Motion for hearing by this Court;

A Memorandum in Opposition to Plaintiff's Motion for a Preliminary Injunction with one (1) affidavit having been filed by defendants Zeesman Plywood Corporation, Norman Zeesman & Company, Norman Zeesman, individually, and Norman N. Nussbaum, individually (the first group of defendants), in which memorandum reference is made to some affidavits attached to points and authorities of the other defendants;

Points and Authorities and three (3) affidavits having been filed in opposition to said Motion by defendants American Plywood Co., Inc., and Robert A. Vener doing business under the fictitious firm name and style of Vener & Son (the second group of defendants), and the Memorandum of Points and Authorities in opposition to said Motion filed by the first group of defendants being relied upon and adopted by reference in such document;

A Reply Memorandum in Support of Plaintiff's Motion for a Preliminary Injunction having been filed by plaintiff;

Said motion having duly come on for hearing in open Court, the argument extending over the entire afternoon of Monday, July 26, 1948, and the entire day of Wednesday, July 28, 1948, said argument being reported and transcribed in its entirety by the Court reporter, plaintiff being represented by James M. Heilman, Esq., Harris, Kiech, Foster & Harris, and Ward D. Foster, Esq., the first group of said defendants being represented by Lyon & Lyon and Reginald E. Caughey, Esq., and the second group of said Defendants being represented by J. Calvin Brown, Esq., counsel for plaintiff and counsel for each of the two groups of defendants being heard; and

The Court having duly considered, in connection with all of said motions, the First Amended Complaint, plaintiff's said motion, all of said memoranda of points and authorities, all of said affidavits, all of the arguments and contentions of counsel made during said hearing and contained in said reporter's transcript, and the following exhibits and patents not attached to the affidavits filed for, but referred to at, said hearing:

*Defendants' Exhibit A:* File wrapper and contents of United States Patent No. 2,286,068, issued to plaintiff June 9, 1942, on the application of Donald Deskey, for Plywood Panel.

*Defendants' Exhibit B:* Cedar shingle, made substantially the same as the shake shingle disclosed in United States Patent No. 1,943,597 to Gilmer.

*Defendants' Exhibit C:* Page 34 of the California Lumber Merchant of July 1, 1948; table only.

*Defendants' Exhibit D:* United States Bailey Patents Nos. 2,363,492 and 2,363,927.

Discussed by defendants' counsel: United States Patent No. 1,433,077, to Hansen, issued October 24, 1922, for Veneering.

Discussed by defendants' counsel: United States Patent No. 1,577,150 to Putman, issued March 16, 1926, for Imitation Shake Shingle.

Discussed by defendants' counsel: United States Patent No. 1,577,935, to Runkle, issued March 23, 1926, for Split Wood Shingle.

Discussed by defendants' counsel: United States Patent No. 1,764,412, to Melby, issued June 17, 1930, for Shingle.

Discussed by defendants' counsel: United States Patent No. 1,819,775, to Elmendorf, issued August 18, 1931, for Flexible Wood Faced Sheet Material.

Discussed by defendants' counsel: United States Patent No. 1,943,597, to Gilmer, issued January 16, 1934, for Processing Shingle Shake.

Discussed by defendants' counsel: United States Patent No. 2,018,712, to Elmendorf, issued October 29, 1935, for Lumber and Article Made Therefrom.

Discussed by defendants' counsel: United States Patent No. 2,090,529, to Gram, issued August 17, 1937, for Laminated Wallboard.

*Plaintiff's Exhibit 1:* Deskey United States Patent No. 2,286,068 in suit.

*Plaintiff's Exhibit 2:* Sample of Plaintiff's product embodying invention of patent in suit and bearing plaintiff's trademark "Weldtex."

*Plaintiff's Exhibit 3*: Sample of product complained of, offered for sale by the first group of defendants, and processed and grooved by the second group of defendants and provided by counsel for defendants and bearing the trade-mark "Zeetex" of the first group of defendants.

*Plaintiff's Exhibit 4*: Deposition of defendant Norman Zeesman.

*Plaintiff's Exhibit 5*: Deposition of Max Vener.

*Plaintiff's Exhibit 6*: Deposition of Edward A. Smith.

*Plaintiff's Exhibit 7*: Deposition of David Smith.

*Plaintiff's Exhibit 8*: Deposition of defendant Robert A. Vener.

*Plaintiff's Exhibit 9*: Letter of May 26, 1948, mailed then by plaintiff to second group of defendants.

*Plaintiff's Exhibit 10*: Letter of May 26, 1948, mailed then by plaintiff to first group of defendants.

Now, therefore, the Court, for good cause shown, makes the following findings of fact and adopts the following conclusions of law, all based upon said record before the Court:

### Findings of Fact

1. (A) Plaintiff, United States Plywood Corporation, is a New York corporation and has its principal place of business in New York City, New York.

(B) Defendant Zeesman Plywood Corporation is a California corporation and has its principal and a regular and established place of business in, and is doing business in, the City of Los Angeles, California, in this District.

(C) Defendant American Plywood Co., Inc., is a California corporation and has its principal and a regular and established place of business in, and is doing business in, the City of Los Angeles, California, in this District. American Plywood Co., Inc., was formed after Vener & Son commenced to groove plywood; and Robert A. Vener is president of this corporation and owns Fifty Per Cent (50%) of the stock thereof.

(D) Defendant Norman · Zeesman & Company is a copartnership consisting of Norman Zeesman and Norman N. Nussbaum and has its principal and a regular and established business in, and is doing business in, Los Angeles County, California, in this District, and was succeeded by the corporation, Zeesman Plywood Corporation, which committed the acts complained of and which is controlled by Norman Zeesman and Norman N. Nussbaum by their ownership of all of its stock.

(E) Defendant Robert A. Vener is doing business under the fictitious firm name and style of Vener & Son, is a citizen of California, and is a resident of, and doing business in, Los Angeles County, California, in this District.

(F) The matter in the controversy subject of the third count of the First Amended Complaint asserting a cause of action for unfair competition exceeds, exclusive of interest and costs, the sum of Three Thousand Dollars ($3,000).

2. On June 9, 1942, United States Letters Patent No. 2,286,068 were duly issued to plaintiff on the application of Donald Deskey, for Plywood Panel.

Since the date of its issuance, said Letters Patent No. 2,286,068 has been and still is owned by plaintiff.

3. About May 15, 1940, plaintiff adopted and has continuously thereafter used, and now uses, the trade-mark "Weldtex" on plywood panels, laminated assemblies of veneers, and sheets of materials bound together by adhesives; trade-mark registration No. 383,458 was granted to plaintiff for the trade-mark "Weldtex" for such uses by the United States Patent Office on December 10, 1940, and ever since has been and now is owned by plaintiff.

Since the summer of 1940, plaintiff has continuously sold grooved plywood covered by said Deskey patent bearing the trade-mark "Weldtex," and, since 1946, a licensee, and, since 1947, licensees, under the Deskey patent have continuously sold such grooved plywood.

4. (A) Plaintiff has, since May, 1940, spent large sums of money in advertising and much time and effort in creating and developing a large market and demand by the trade and public throughout the United States for grooved plywood covered by said

Deskey patent and recognition by the trade and public of the merit, utility, and dependability of Plaintiff's said product.

Typical specimens of such advertisements by plaintiff of such grooved plywood appeared in:

American Home
Better Homes & Gardens
House Beautiful
House & Garden
California Lumber Merchant
The Plan
News Flashes
Lumber Cooperator
Southern Lumber Journal
Illionis Building News
Wood Construction
Indiana Lumber Dealer
Interiors
Yachting
Motor Boating
"Weldtex" Booklet, 8 pages
"Weldtex" Booklet, 4 pages

(B) Magazines and newspapers have given free publicity to Plaintiff's grooved plywood covered by the Deskey patent and exemplified by Plaintiff's Exhibit 2, and its novelty, utility, and unique properties; typical examples of such publicity are:

Building Supply News, Aug. 1947, p. 32
Science Illustrated, Oct. 1947
New York Times, Feb. 1, 1948
Modern Plastics Encyclopedia, p. 697, Vol. 1, 1947.

5. (A) The cost to Plaintiff of the first four (4) advertisements identified in the preceding Finding was Twenty-eight Thousand Five Hundred Dollars ($28,500.00). The cost to Plaintiff of the "Weldtex" booklets, the last two items identified in the preceding Finding, was Seven Thousand Three Hundred Dollars ($7,300.00). Between January, 1945, and April 27, 1948, Plaintiff spent upwards of One Hundred Five Thousand Eight Hundred Fifty Dollars ($105,850.00), or an average of about Forty-eight Thousand Dollars ($48,000.00) per year to advertise "WELDTEX", its product covered by the Deskey patent, and, in addition, said product is advertised with others of Plaintiff's products, and, if apportionment of such advertising costs and expenses and salaries of the Advertising Department of Plaintiff were made to said product, the foregoing sums would be greatly increased. Likewise, if the entire period from May, 1940, to April 27, 1948, were taken into account the above figures would be greatly increased.

(B) Plaintiff's investment in developing machines for making grooved plywood covered by the Deskey patent and exemplified by Plaintiff's Exhibit 2, and in rearranging and expanding its manufacturing facilities to make and distribute millions of square feet of said product, has been substantial, but, according to Plaintiff's Treasurer and Comptroller, it is impossible to now state this sum with extreme accuracy.

6. (A) Plaintiff has for many years prior to the acts of defendants complained of in the First Amended Complaint built up and enjoyed an extensive and profitable business in the manufacture and sale of plywood panels having a grooved surface, covered by the Deskey patent, exemplified by Plaintiff's Exhibit 2, and marked "Weldtex," and has spent large sums of money in advertising its product so trademarked throughout the United States.

(B) Plaintiff has sold the following quantities of grooved plywood covered by the Deskey patent, exemplified by Plaintiff's Exhibit 2, and marked "Weldtex":

| Year | Square Feet | Selling Price | |
|---|---|---|---|
| 1940 | 27,487 | $ 4,123.11 | |
| 1941 | 314,757 | 47,213.60 | |
| 1942 | 418,967 | 62,845.06 | |
| 1943 | 113,698 | 17,054.70 | |
| 1944 | 70,445 | 10,566.83 | |
| 1945 | 528,163 | 46,805.58 | |
| 1946 | 24,620,329 | 2,432,567.03 | |
| 1947 | 27,296,073 | 3,280,000.10 | (approximate) |
| Total 8 years | 53,389,919 | $5,901,176.01 | |

During the war years, plaintiff's sales of said product were restricted by Government directives. Plaintiff's sales of said product in 1948, according to Plaintiff's Treasurer and Comptroller, will probably be greater than in 1947.

7. As a result of plaintiff's investment of time, effort, and money in advertising and promoting the sale of grooved plywood, covered by the Deskey patent, and exempli-

fied by Plaintiff's Exhibit 2, plaintiff has created and developed a large market and demand for its said product throughout the United States.

The demand of the public, and hence the trade, created by plaintiff, for grooved plywood covered by the Deskey patent and exemplified by Plaintiff's Exhibit 2, far exceeds plaintiff's supply of said product, and it is expected by the trade and plaintiff that this condition will continue for some time to come.

8. Whenever the trade or members of the public buying plywood see the trademark "Weldtex" upon or in any manner related to grooved plywood or its use or offer for sale, they immediately think of and associate it with grooved plywood covered by the Deskey patent and exemplified by Plaintiff's Exhibit 2, and they immediately associate it with plaintiff and plaintiff's said product.

9. Others than plaintiff have respected the said Deskey patent by taking licenses thereunder and paying royalty therefor.

Plaintiff has licensed others in the United States under said Deskey patent to sell grooved plywood covered by said patent; these companies are: Cascades Plywood Corporation, Lebanon, Oregon, and Peninsula Plywood Corporation, Port Angels, Washington, which are not subsidiaries of Plaintiff but are independent mills.

During 1946 and 1947, plaintiff received from its United States licenses as royalties under said Deskey patent the sum of Sixty Thousand Six Hundred Fifty-four and Thirteen/100 Dollars ($60,654.13).

Plaintiff has granted licenses under foreign Deskey patents to the following: Canadian Forest Products Limited, New Westminster, Canada, Proofwood Limited, Sidney, Australia, and Fletcher Holdings Limited, Auckland, New Zealand.

10. Plaintiff has respected the Deskey patent by paying royalties thereunder.

While plaintiff has paid royalties under the Deskey patent prior to 1946, the record establishes that plaintiff has paid the following royalties for the following periods of time:

| Year | Amount |
|---|---|
| 1946 | $36,600.00 |
| 1947 | 42,600.00 |
| First 6 months of 1948 | 27,800.00 |
| Total: 2½ years | $107,000.00 |

11. No other person, firm, or corporation other than defendants herein have manufactured or sold without the license of Plaintiff any plywood having a grooved surface, as covered by said Deskey patent or as exemplified by Plaintiff's Exhibit 2.

12. Defendants commenced the performance of the acts complained of only shortly before the filing of the Complaint herein on March 31, 1948.

The Zeesman Plywood Corporation commenced the sales of plywood having a grooved surface, and exemplified by Plaintiff's Exhibit 3, in January, 1948, under the trade-mark "Zeetex."

Defendants American Plywood Co., Inc., and Robert A. Vener doing business under the fictitious firm name and style of Vener & Son did not process or sell any plywood having a grooved surface, such as exemplified by Plaintiff's Exhibit 3, before January, 1948.

Norman Zeesman & Company, a partnership, commenced the sale of plain surfaced or ungrooved plywood in 1946, and Zeesman Plywood Corporation commenced the sale of plain surfaced plywood when it was formed in November, 1947.

Defendant Robert A. Vener, doing business under the fictitous firm name and style of Vener & Son, commenced the sale of plain surfaced or ungrooved plywood in October, 1947.

13. Plaintiff's Exhibit 2 is an example of grooved plywood sold by plaintiff embodying the invention of said Deskey patent, marked with the number of said patent and plaintiff's mark "Weldtex."

Plaintiff's Exhibit 3 is an example of the grooved plywood processed by defendants American Plywood Co., Inc., and Robert A. Vener doing business under the fictitious firm name and style of Vener & Son and sold by defendants Zeesman Plywood Corporation and Norman Zeesman & Company, a partnership consisting of Norman Zeesman and Norman N. Nussbaum.

Plaintiff's Exhibit 3 is the same as plaintiff's Exhibit 2.

The average purchaser, exercising ordinary caution, cannot differentiate between Plaintiff's Exhibits 2 and 3.

14. The claims of said Deskey patent, as construed on this motion, reasonably read upon, describe, and are infringed by Plaintiff's Exhibit 3.

The substance of the invention of said Deskey patent is embodied in the grooved plywood produced by American Plywood Co., Inc., and Robert A. Vener and sold by Zeesman Plywood Corporation and Norman Zeesman & Company, a partnership.

15. The acts of defendants complained of in this action were performed with full knowledge of plaintiff's said Deskey patent and of plaintiff's grooved plywood manufactured and sold by plaintiff under said patent, and such acts of defendants were wilfully and intentionally performed with such knowledge.

Zeesman Plywood Corporation and Norman Zeesman & Company, a partnership, had purchased grooved plywood from plaintiff, as exemplified by plaintiff's Exhibit 2, prior to any acts of such defendants complained of in this action.

This grooved plywood purchased by such defendants from plaintiff bore the plaintiff's trade-mark "Weldtex."

Robert A. Vener had seen grooved plywood manufactured and sold by plaintiff under said Deskey patent prior to any of his acts or any acts of American Plywood Co., Inc., complained of in this action, and he knew that said grooved plywood sold by plaintiff was covered by said Deskey patent.

16. Neither American Plywood Co., Inc., nor Robert A. Vener has spent any money in advertising in any printed matter or by radio the grooved plywood which it or he has processed.

Said defendants have merely filled the demand and utilized the market for such grooved plywood created by the plaintiff.

Zeesman Plywood Corporation and Norman Zeesman & Company have spent very little money in advertising in any printed matter or by radio the grooved plywood which either of them has sold.

Said defendants have merely filled the demand and utilized the market for such grooved plywood created by the plaintiff.

17. There is evidence that defendant American Plywood Co., Inc., may be unable to meet its obligations to pay damages to the plaintiff if the plaintiff prevails upon any of the three counts of its First Amended Complaint.

There is evidence that a Dun & Bradstreet report of March 22, 1948, states with respect to Zeesman Plywood Corporation that "a heavy financial position is indicated by the foregoing statement, with liabilities substantially exceeding tangible net worth at this time."

There is evidence that Dun & Bradstreet reports with respect to American Plywood Co., Inc., that "Current indebtedness is heavy resulting in a deficit working capital and sales volume has not been established with trend not determined at this time."

There is evidence that Dun & Bradstreet reports with respect to Vener & Son that "Working capital appears limited in relation to the amount of volume transacted, however, in conversation, Vener stated this was possibly due to the business being transacted on a cash basis and he stated that merchandise was generally not purchased until a sale had been made."

The financial condition of Robert A. Vener was such that it was necessary for him to borrow the money with which to purchase and make alterations in the machine which he used to groove plywood in the manner exemplified by Plaintiff's Exhibit 3.

18. Neither Zeesman Plywood Corporation nor Norman Zeesman & Company has any investment in equipment for manufacturing or processing grooved plywood as exemplified by Plaintiff's Exhibit 3.

All of such grooved plywood sold by said defendants was produced by said defendants purchasing plain surfaced plywood and having the same grooved for said Defendants by defendant Vener & Son or Defendant American Plywood Co., Inc.

The only investment by either Vener & Son or American Plywood Co., Inc., in apparatus for manufacturing or processing grooved plywood was that required for the

purchase of a second-hand planing machine (useful for other purposes) and its modification by attaching knives thereto to groove the plywood.

When Robert A. Vener commenced grooving plywood in January, 1948, he, during the following week or two, employed a total of six men to help in handling and grooving such plywood. It became apparent to Mr. Vener when Norman Zeesman & Company cancelled its orders with him for grooved plywood on April 1, 1948, that he would have to discharge these six employees, and, within a very few days after April 1, 1948, he did discharge them. Vener & Son and American Plywood Co., Inc., had on May 5, 1948, only one employee, who was a salesman.

This salesman is employed and paid by American Plywood Co., Inc., to solicit orders for plain plywood.

19. The injury to defendants if a preliminary injunction be granted herein is small, and inconsiderable even if the final judgment be in their favor.

As to the defendants Zeesman Plywood Corporation and Norman Zeesman & Company, the evidence establishes that Vener & Son furnished these defendants with all of the grooved plywood other than plaintiff's grooved plywood "Weldtex" sold by such defendants.

Since April 1, 1948, the day after the filing of the Complaint herein, said defendants have ceased securing any grooved plywood from Vener & Son, and, since said date, the sales of grooved plywood by said defendants has fallen off; even in May, 1948, said defendants were selling very little of such product.

The evidence establishes that Zeesman Plywood Corporation and Norman Zeesman & Company were the only substantial accounts of Vener & Son and American Plywood Co., Inc., for grooved plywood.

The evidence establishes that the percentage of output of grooved plywood of said defendants taken by Zeesman Plywood Corporation and Norman Zeesman & Company was "the bulk of all of the material" that was grooved or "a very high percentage" of the material that was grooved by said defendants.

The evidence establishes that "the entire output of this type of plywood (having a grooved surface) was taken by the Zeesman Plywood Corporation until April 1, 1948, at which time many of said orders were cancelled."

The evidence establishes that, since April 1, 1948, Vener & Son and American Plywood Co., Inc., have been selling a "very insignificant amount" of grooved plywood.

20. If a preliminary injunction is not granted herein, and the final judgment herein be in plaintiff's favor, the injury to the plaintiff will be certain and irreparable.

21. For the purpose of this Motion, in the said Deskey patent the patentee has reasonably particularly pointed out and distinctly claimed the part, improvement, or combination which he claims as his invention or discovery. The claims recite that:

"The depth of said frequent grooves * * * being such as to prevent stresses, normally arising from stretching and expanding, from accumulating across any appreciable width of the grooved plywood."

In the specification the patentee states:

"Preferably the grooves do not extend to or through the glue line ('glue' meaning any adhesive such as is used or is suitable for use in plywood manufacture) but more or less frequently recurring grooves may extend almost to the glue line, with intervening grooves of lesser and irregular depth. The grooves vary in depth, as the sample and photographs show, from mere surface scratches to grooves of a depth to extend to or past the neutral plane of the grooved surfaced plywood (half way through the ply), some being of a depth approaching the thickness of the ply itself."

22. For the purpose of this Motion, the invention disclosed and covered by said Deskey patent and exemplified by Plaintiff's Exhibits 2 and 3 is not disclosed or taught by, and the claims of said Deskey patent are not anticipated by, any of the following:

Defendants' Exhibit B, cedar shingle, made substantially the same as the shake shingle disclosed in United States Patent No. 1,943,597 to Gilmer.

United States Patent No. 1,433,077, to Hansen, issued October 24, 1922, for Veneering.

United States Patent No. 1,577,150, to Putman, issued March 16, 1926, for Imitation Shake Shingle.

United States Patent No. 1,577,935, to Runkle, issued March 23, 1926, for Split Wood Shingle.

United States Patent No. 1,764,412, to Melby, issued June 17, 1930, for Shingle.

United States Patent No. 1,819,775, to Elmendorf, issued August 18, 1931, for Flexible Wood Faced Sheet Material.

United States Patent No. 1,943,597, to Gilmer, issued January 16, 1934, for Processing Shingle Shake.

United States Patent No. 2,018,712, to Elmendorf, issued October 29, 1935, for Lumber and Article Made Therefrom.

United States Patent No. 2,090,529, to Gram, issued August 17, 1937, for Laminated Wallboard.

The claims of said Deskey patent define an article of manufacture which is useful and new and involve invention over the disclosures of said Defendants' Exhibit B and said prior patents hereinbefore enumerated and each of them.

### Conclusions of Law

1. This Court has jurisdiction of this cause, and the venue is proper as to all Defendants as to all three counts of the First Amended Complaint.

2. Sufficient evidence is not produced to establish the invalidity of the claims of said Deskey patent No. 2,286,068 over the presumption of validity attaching to the issue of said Letters Patent buttressed and reinforced by the additional presumptions set forth in the foregoing findings.

3. The presumption of validity of the Deskey patent No. 2,286,068 arising from the issue of said patent is enhanced by the great and immediate commercial success of the subject matter of said patent as sold by plaintiff over a period of years, during which no other person assumed to make or sell such subject matter without license from plaintiff, and this presumption is further enhanced by the plaintiff's having long paid substantial royalties under said patent and having licensed others under said patent, who have long paid substantial royalties thereunder.

Said Deskey patent, and each of the claims thereof, is good and valid on this motion.

4. Defendants Robert A. Vener doing business under the fictitious firm name and style of Vener & Son and American Plywood Co., Inc. by making and selling, and defendant Zeesman Plywood Corporation by selling, grooved plywood exemplified by Plaintiff's Exhibit 3, have, in view of the presumptions of validity of said patent so enhanced, infringed said Deskey patent No. 2,286,068, and each of the claims thereof.

5. Plaintiff is entitled to a preliminary injunction until final determination of this action or further order of this Court restraining defendants, and each of them, their officers, agents, servants, employees, and attorneys, and those in active concert or participating with them, or any of them, and who shall by personal service or otherwise have received actual notice of the same, from directly or indirectly infringing upon United States Letters Patent No. 2,286,068 issued to plaintiff June, 9, 1942, on the application of Donald Deskey, for Plywood Panel, or any of the claims thereof by the manufacture, use or sale of grooved plywood exemplified by Plaintiff's Exhibit 3, or otherwise.